IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSEPH SANSOM and STANLEY BOND,
Trustee in the Bankruptcy for the Estate of
Joseph Sansom                                                                         PLAINTIFFS

v.                                  No. 4:23-cv-567-DPM

KIA CORPORATION, f/k/a KIA
MOTORS CORPORATION; KIA
AMERICA, INC., f/k/a KIA MOTORS
AMERICA, INC.; and JOHN DOES 1-3                                      DEFENDANTS

PROTECTIVE ORDER

To facilitate a cooperative and good faith discovery process while protecting the legitimate and reasonable proprietary concerns related to any production of relevant documents and information, and for purposes of this lawsuit only, Plaintiffs Joseph Sansom and Stanley Bond, Trustee in the bankruptcy for the Estate of Joseph Sansom ("Plaintiffs") and Defendants Kia America Inc. and Kia Corporation ("Defendants") stipulate to the following:

In recognition of the fact that Plaintiffs and Plaintiffs' counsel will seek from Defendants documents and information which constitute, refer to, or otherwise incorporate trade secrets, and confidential or proprietary information (the "Documents" or "Information"); and

Defendants recognize certain such Documents and Information may be subject to discovery from time to time in the course of the litigation of *Sansom v. Kia*, No. 4:23-cv-567-DPM (the "Action");

Plaintiffs and Defendants, by and through their attorneys, stipulate to the following:

1. All Documents and Information produced or disclosed by Defendants to Plaintiffs and by Plaintiffs to Defendants in this Action, whether voluntarily or pursuant to discovery demand or court Order, and which are not already a matter of public record, shall be provided only to Plaintiffs and Defendants in this Action. (Documents and information which do not constitute, refer to, or otherwise incorporate trade secrets and confidential or proprietary information or which have already been made public are not covered by this Order.) Those persons who are employees of Plaintiffs may have access to such Documents and Information on a need-to-know basis. Any consultant or expert retained by Plaintiffs may have access to such Documents and Information once they have agreed in writing, in the form described in paragraph 5 of this Order, to abide by the provisions of this Order. This Order shall not limit Plaintiffs' right to use the Documents and Information in connection with any legal proceeding related to this Action, including trial or appeal, including, but not limited to, the presentation of the Documents and Information to a jury, in open court, subject to court ruling on Defendants' challenge, if any, to such

disclosure. However, Documents and Information used in connection with any legal proceeding, including deposition testimony, related to this Action may be sealed upon application of Defendants or Plaintiffs and Order of the Court.

2. The Documents and any Information derived from examination of the Documents as well as any other Information provided to Plaintiffs which Defendants identify, and provided to Defendants which Plaintiffs identify, as confidential shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, except upon the written stipulation of the parties or Order of the Court.

3. Documents produced by Defendants or Plaintiffs which are subject to this Order and any Order entered by the Court must be marked by Defendants or Plaintiffs as "Privileged and Confidential – Subject to Stipulation and Protective Order: *Sansom v. Kia*, No. 4:23-cv-567-DPM.

4. Plaintiffs and Defendants in this Action may publish or disclose the Documents and Information produced by Defendants and Plaintiffs in this Action only to those persons identified in paragraph 1 of this Order who have a need to review, rely on, or analyze such Documents and Information for the purpose of prosecuting this Action. Plaintiffs and Defendants shall not provide such Documents or

Information to any other person or entity for any purpose whatsoever, except as permitted by this Order or by mutual consent of the parties.

5. Except as provided in paragraph 4 above, the persons covered by this Order are prohibited from disseminating in any fashion, manner, or method the Documents and Information produced herein by the Defendants and Plaintiffs, or any of them, or any copies, notes, summaries, extracts, or digests thereof, without the further written stipulation of Defendants and Plaintiffs or by Order of the Court.

6. Prior to the dissemination of any of the Documents or Information to any person, firm, or organization, Plaintiffs and Defendants shall ensure that each such person, firm, or organization has agreed to be subject to the jurisdiction of this Court in the event of any violation or alleged violation of this Order or any Order issued pursuant thereto. Plaintiffs and Defendants shall not disclose, by any means whatsoever, any Documents or Information until the person, firm, or organization to whom disclosure is to be made has:

    a. read this Order and any further Protective Order in its entirety; and,

    b. signed Appendix A to this Order signifying agreement to its provision and consent to the jurisdiction of the Court over them.

7. Plaintiffs shall maintain a list of all persons, firms, or organizations who have received Documents or Information. At the

conclusion of this Action, Plaintiffs will furnish the attorneys for Defendants a list of all persons, firms, or organizations who have received any Documents or Information, as well as Appendix A to this Order signed by each of them.

However, for consulting experts who were not designated as testifying experts, the receiving party may redact the name, address, and signature for the consultant before disclosing the executed Appendix A and document list for that person. To the extent the "Qualified Persons" described in paragraph 6(d) above include privileged non-testifying expert consultants, the receiving party shall retain each such executed Appendix A and shall keep a list identifying (a) all such non-testifying expert consultants described in the paragraph above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. If Defendants (or the producing party) seek to compel the production of each unredacted and executed Appendix A for good cause, the receiving party shall submit each unredacted and executed Appendix A and list to the Court for *in camera* inspection. Paralegals and staff employed by Counsel of Record shall be covered under the signature of Counsel of Record.

8. The production of Documents or Information shall not constitute a waiver of Defendants' and Plaintiffs' claims in this Action,

or that the Documents or Information remain privileged or are otherwise non-discoverable.

9. If Defendants or Plaintiffs inadvertently produce documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, Plaintiffs or Defendants shall make a good faith effort to immediately inform Defendants or Plaintiffs of the inadvertent disclosure and return the documents. Upon notice of the inadvertent disclosure, Plaintiffs and Defendants shall be prohibited from that moment to making any copy of the inadvertently disclosed documents or using them in any way. Defendants and Plaintiffs producing such protected information shall have the right to "claw back" the produced documents upon notice to Plaintiffs and Defendants. Further, Defendants' or Plaintiffs' inadvertent disclosure of such documents shall not constitute a waiver of any applicable privilege or protection in the pending case or in any other state or federal proceeding or arbitration.

10. Within 120 days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that any such party disclosed to any person described in this document above, shall either (a) return to Defendants (or the producing party) the Protected Documents; or (b) securely destroy the Protected Documents and certify such destruction to Defendants (or the producing party) within 150 days after the conclusion of this case.

However, Plaintiffs' counsel may retain its work product assembled for use by counsel. Such retained work product may only be used in the defense of any claim of legal malpractice or any defense of an ethics allegation in connection with the representation of the Plaintiffs.

**11.** Any Documents or Information subject to this Order may later be removed from the terms of this Order only by (a) written stipulation of the parties, (b) by written statement provided by the Defendants and Plaintiffs, or (c) by Order of the Court.

**12.** If a party to this litigation disagrees with the designation of any information as "Privileged and Confidential," the parties shall confer in good faith *in person* before bringing any dispute to the Court, as required by this Court. *Doc. 38 at 2-3*. Further, the parties shall not file a motion to quash or motion for protective order unless there is an emergency. The parties will not file a motion for sanctions. The parties will file a "Joint Report of Discovery Dispute" as outlined in this Court's Second Amended Final Scheduling Order, and redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information.

**13.** To the extent that Protected Documents or Information obtained from them are used in written discovery or in the taking of depositions (including exhibits) or other pretrial discovery or testimony, or used as exhibits at trial, such Documents or Information shall remain subject to the provisions of this Order, including any

transcript pages of the deposition testimony or trial testimony dealing with, referring to, or referencing the Protected Documents or Information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or Information shall be made (a) by a statement to such effect on the record during the proceeding in which the testimony is received, or (b) by written notice served on counsel of record in this litigation within thirty business days after the receipt of the draft or final transcript (whichever is received earlier) of such proceeding (as used here, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty-day period expires, all testimony, exhibits, and transcripts of depositions or other testimony shall be treated as Protected Documents. All portions of the transcripts not designated as Confidential within the time frame provided here shall be deemed not confidential.

  **14.** If any party disagrees with the designation of or part of a deposition transcript designated as "Protected" pursuant to paragraph 13 above, such party must notify the designating party in a written letter and identify the testimony (by line and page designation) and the specific grounds for the objection to the designation. If the parties are unable to resolve the issue of the confidentiality regarding the challenged deposition testimony, the parties shall confer in good faith *in person or via videoconference* before bringing any dispute to the Court.

If the parties are still unable to resolve the issue, the parties shall proceed as outlined in paragraph 12 above, per the Court's Second Amended Final Scheduling Order.

15. Per the Court's Second Amended Final Scheduling Order, the parties agree to comply with Federal Rule of Civil Procedure 5.2 Privacy Protections for Filings Made with the Court. Under this rule, the parties will redact private information prior to filing, including an individual's social security number, taxpayer identification information, birth dates, financial account information, and name(s) of minor individual(s). If an entire page contains confidential information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any confidential information, on any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

16. This Order shall remain in effect for exactly one year after the conclusion of this Action, including any appeal. Any party seeking to enforce this Protective Order, future Order, or claiming a breach may request by noticed motion for contempt or other appropriate sanctions provided by Arkansas law. After one year following the conclusion of litigation, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

16 January 2025

## APPENDIX A TO THE STIPULATED PROTECTIVE ORDER

I, _____, certify that I have read the Stipulated Confidentiality Protective Order dated _____, entered in the above-captioned action and further certify that I fully understand the procedural and substantive requirements of that Order, a copy of which is attached. Before reviewing or receiving access to any document, material, information, or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Order.

DATED: _____

_____
Recipient of Document(s) (*Signature*)

_____
Print Name

_____
Company